## JUNEAU FERRY & NAVIGATION CO. v. ALASKA S. S. CO.

### (Circuit Court of Appeals, Ninth Circuit. March 2, 1903.)

### No. 868.

1. EQUITY—REVIEW OF FACTS — DECREE—WANT OF SUPPORT IN EVIDENCE— MODIFICATION.

   Where, in a suit to restrain the driving of piles on a water front, the evidence shows no possession in complainant warranting the relief asked, but also fails to show any ownership in defendant, on review of the decree denying the injunction, and adjudging title and possession in defendant, it will be modified to one merely denying the injunction and dismissing the suit.

Appeal from District Court of the United States for the District of Alaska, Division No. 1.

Malony & Cobb, John Flournoy, and L. S. B. Sawyer, for appellant. Ira Bronson, for appellee.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

ROSS, Circuit Judge. This was a suit for an injunction, brought by the appellant to restrain the appellee from driving piles in front of a strip of water front at Juneau, Alaska, of which the complainant alleged it was possessed and had used as a landing place for its own and other vessels, and on which it had erected "a cradle or landing and tying-up place for small vessels, and the necessary piling" for those purposes. The defendant to the suit put in issue those averments, and

as an affirmative defense alleged that the strip of land described in the bill lies wholly below high-water mark, and abuts on upland of which the defendant and its grantors had long been in possession, and of which the defendant was at the time of the commencement of the suit the owner and actually possessed, and that the purpose of the defendant was the building of "a wharf and suitable warehouses and approaches from said upland over said premises (described in the bill), and out to the deep waters of Gastineaux channel, suitable for the accommodation of ocean-going craft, and to the benefit of commerce and shipping."

Evidence having been given on behalf of the respective parties, the case was submitted to the court below, which made certain findings of fact and conclusions of law, and decreed, among other things, "that defendant was at the commencement of this action the owner of and entitled to the possession of all the premises hereinbefore described, and that plaintiff had no right, title, or interest in or to said premises, or any portion thereof, at the date of the commencement of this suit."

The suit being one in equity, we must decide it upon the evidence; and we are of the opinion that while the evidence undoubtedly shows that the complainant and its predecessors in interest used the strip of water front in controversy from time to time, yet it falls far short of establishing such possession thereof on the part of the complainant as would justify the injunction prayed for. It is still clearer that there was no evidence of any ownership of the premises in question by the defendant to the suit, and therefore that portion of the decree adjudging it the owner thereof is erroneous. The appropriate decree, in view of the evidence, is one to the effect that the complainant take nothing by its suit, and dismissing the bill at the complainant's cost.

The decree appealed from will be so modified, and as so modified it will stand affirmed.